■ JEANNETTE E. RATTRAY, Respondent, v. SALLY J. HUNTTING, Appellant, et al., Defendant.— In an action by a niece of the defendants to annul their marriage on the ground that at the time it was contracted the defendant husband was a lunatic, the defendant wife appeals: (1) from an interlocutory judgment of the Supreme Court, Suffolk County, entered January 20, 1960, granting the annulment after a nonjury trial; and (2) from the decision of said court on which such judgment was entered. Interlocutory judgment reversed on the law and the facts, and a new trial granted, with costs to abide the event. On October 7, 1957, the defendant Daniel O. Huntting, aged 79, and the defendant Sally Jennings, aged 63, were married by his minister at East Hampton, New York. Neither had been previously married. On June 9, 1959, more than 20 months after the marriage, in a proceeding under article 81 of the Civil Practice Act, the defendant husband was duly adjudicated an incompetent by reason of imbecility arising from old age or loss of memory and understanding. This action was commenced soon thereafter, resulting in the interlocutory judgment appealed from. The trial court based its decision in part on testimony that the defendant husband was habitually incontinent, that he had high blood pressure, and that he fell from a horse about three weeks after marriage when the saddle cinch became loose. The last-mentioned fact is, of course, of no probative value on the question of the husband's mental capacity. As to the high blood pressure, plaintiff's own medical expert stated that in this case it was of little significance. As to the incontinence: said expert had examined the husband on July 23, 1959, more than 21 months *after* the marriage. He (the expert) testified that loss of sphincter control is frequently seen after mental deterioration has been in progress for some time. But other than such generalities, there is nothing in the record to show that at the *time of the marriage* the husband was afflicted with loss of sphincter control. Nor is there any evidence as to the extent or duration of any mental deterioration *at that time*. The trial court also relied on the testimony of plaintiff's two medical experts, qualified psychiatrists who had examined the husband more than 21

months after the marriage, that in their respective opinions he was, at the time of the wedding, unable to consent thereto. While the defendant wife offered no expert testimony in opposition to said opinions, there was direct positive evidence by the husband's pastor, collateral kin, physicians, attorney, banker, shopkeepers and friends as to the husband's acts and conversations which demonstrated his competency to contract the marriage when he did. It has been frequently held that a medical expert's "retroacting opinion" (see *Buchanan* v. *Belsey*, 65 App. Div. 58, 61), contradicted by direct proof, is insufficient evidence of antecedent incapacity (*People* v. *Kemmler*, 119 N. Y. 580, 583–584; *Meekins* v. *Kinsella*, 152 App. Div. 32, 34; *Buchanan* v. *Belsey, supra*, pp. 61–62; *Matter of Lawrence*, 48 App. Div. 83, 89–90). In our opinion, the finding that the defendant Daniel O. Huntting, on October 7, 1957, was incompetent to enter the marriage contract, is contrary to the weight of the evidence. Appeal from decision dismissed, without costs. No appeal lies from a decision. Nolan, P. J., Pette and Brennan, JJ., concur; Ughetta, J., dissents and votes to affirm the interlocutory judgment.